# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07-cv-441-GCM

| | |
|---|---|
| ZAPATA HERMANOS SUCESORES S.A. DE C.V., | ) ) ) |
| Plaintiff, | ) ) ) ORDER |
| v. | ) ) |
| MARK FEIN and DONNA FEIN, | ) ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendant Mark Fein's Motion to Dismiss, pursuant to Rule 12(b)(6), Plaintiff's claims for common law fraudulent conveyance and violation of the North Carolina Uniform Fraudulent Transfer Act ("UFTA"). Defendant argues these claims should be barred under the doctrines of *res judicata* and claim-splitting. For the reasons set forth below, Defendant's motion is **DENIED**.

## I. BACKGROUND

Plaintiff Zapata Hermanos Sucesores, S.A. DE C.V. ("Zapata") is a Mexican corporation that manufactures containers used to store paint, oil, and other goods. Defendant Mark Fein ("Fein") is the President and Secretary of Disk International Corporation ("Disk") and his wife,

Defendant Donna Fein, is the Vice President, Treasurer, and sole shareholder. Defendants are the sole employees of Disk. Disk was organized by the Feins for the purpose of selling the containers manufactured by the Plaintiff

From approximately 2001 to 2004, Disk ordered hundreds of thousands of dollars worth of containers from Zapata on open account. Zapata shipped the containers directly to the customers of Disk, who paid Disk for the containers. Disk, in turn, was obligated to pay Zapata for the containers. On January 1, 2005, Zapata filed suit against Disk and Fein individually in Mecklenburg County Superior Court. The Complaint alleged Disk failed to pay over $500,000 in Zapata invoices and sought to hold Fein individually liable under a "piercing the veil" theory. The Complaint included claims for breach of contract against Disk and claims against Fein individually for breach of contract, fraud, and unfair and deceptive trade practices. All claims were based upon Disk's failure to pay the amounts allegedly due to the Plaintiff.

On September 21, 2005, Zapata filed an Amended Complaint which omitted Fein as an individual defendant and included only a breach of contract count against Disk. On December 5, 2005, Zapata deposed Fein on behalf of Disk. During the deposition, Fein refused to answer questions regarding the disposition of Disk's funds. On January 6, 2006, the superior court entered summary judgment for Zapata in the amount of $542,570 on the sole breach of contract claim against Disk. Zapata filed a dismissal without prejudice as to the claims raised against Disk and Fein in the original Complaint which were not included in the First Amended Complaint. Zapata commenced post-judgment discovery which revealed that Disk had paid more then $60,000 of the Feins' personal expenses and that the Feins had made substantial cash

withdrawals from Disk's corporate bank account. Plaintiff Zapata filed this action on October 17, 2007 against the Feins in an effort to avoid these allegedly fraudulent conveyances.

## II.  DISCUSSION

Fein contends that this action is barred as to him under the doctrine of *res judicata* and, in particular, the common law rule against claim-splitting. The doctrine of *res judicata* requires: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in the prior suit and the present suit; and (3) an identity of parties or their privies in both suits." Bluebird Corp. v. Aubin, 657 S.E.2d 55, 62 (N.C. Ct. App. 2008) (citations omitted). "Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them." Bockweg v. Anderson, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993). The related doctrine of claim-splitting is based upon the principle that all damages incurred as the result of a *single wrong* must be recovered in one lawsuit. Id. at 492, 428 S.E.2d at 161 (emphasis in original). There is no claim-splitting when two cases assert different claims against the same defendant, especially when the plaintiff was not aware of the facts giving rise to the different claims during the earlier of the two cases. See Country Club of Johnston County, Inc. v. U.S. Fid. & Guar. Co., 150 N.C. App. 231, 240, 563 S.E.2d 269, 275 (2002). In other words, a plaintiff cannot be "required to have brought a claim of which it could not have reasonably known at the time of the first action." Id.

The court finds that neither the doctrine of *res judicata* nor claim-splitting serve to bar the present action. Here, Plaintiff Zapata's fraudulent conveyance claims are entirely different than

3

the claims raised in the prior superior court action. Zapata's initial Complaint sought to hold Fein individually liable, under a "piercing the veil" theory, for Disk's outstanding business debt. The prior Complaint set forth detailed facts supporting the nature of Zapata's business debt claim, including the goods ordered on open account and facts supporting Disk's failure to pay for the goods, but contained no facts alleging fraudulent transfers of money to Fein. Moreover, in the state court action, the only issue that was actually litigated and determined was Disk's debt to the Plaintiff. The state court was not asked to rule upon, and therefore did not rule upon, the diversion of assets issue. The state court's judgment was limited to the single breach of contract claim against Disk for failure to pay for goods purchased on open account. There was simply no final judgment on the merits of Zapata's present fraudulent conveyance claims.

In addition, this action and the prior action are based upon different "wrongs." In Country Club of Johnston County, the North Carolina Court of Appeals noted that although "[i]t is well established that all of a party's damages resulting from a single wrong must be recovered in a single action . . . logic and common sense require that both remedies must have been available at the time the first action was commenced." Id. In that case, the subsequent cause of action "contain[ed] factual allegations far exceeding those" of the prior action. Id. The plaintiff only "began to discover . . . its claim as discovery proceeded" in the prior action. Id. at 240, 563 S.E.2d at 276. The subsequent claims were not barred as *res judicata* because plaintiff "brought forth entirely different claims . . . which were not at issue" in the prior action and "which were not fully known" at the time. Id. at 241, 563 S.E.2d at 276. Likewise, the Plaintiff herein did not have any specific details about the alleged diversion and misappropriation of Disk's funds until after it obtained judgment on its contract action against Disk and commenced supplemental

4

proceedings under N.C. Gen. Stat. § 1-352.2  Zapata's fraudulent conveyance claims simply did not exist at the time the first action commenced and Zapata's present factual allegations far exceed facts alleged in the prior action.

Plaintiff's claims in the present action involve different wrongs, different parties, and different claims than in its state court action. The doctrines of *res judicata* and claim-splitting are inapplicable. Accordingly,

It is therefore **ORDERED** that Defendant Mark Fein's Motion to Dismiss is hereby **DENIED.**

Signed: April 30, 2008

Graham C. Mullen
United States District Judge